IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN R. BLOYER, JR., et al.,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>ST. CLAIR COUNTY ILLINOIS, et al.,<br><br>　　　Defendants. | Case No. 14-cv-1119-SMY-PMF |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants St. Clair County, Illinois and Charles Suarez's (hereinafter, "Defendants") Motion for Sanctions (Doc. 19). Plaintiffs opposed the motion (Doc. 32). Subsequently, Defendants filed a Supplement to the Motion for Sanctions (Doc. 118) which includes the Declaration of Brad Van Hoose (Doc. 118-1). Plaintiffs filed a Motion to Strike the Supplement (Doc. 122).

Defendants filed the Supplement nearly ten months after Plaintiffs filed their response to the Motion for Sanctions. Further, after a cursory review of the Declaration attached at Doc. 118-1, the Court finds the statements contained therein constitute inadmissible hearsay. Accordingly, Defendants' Supplement shall be stricken and will not be considered by the Court in ruling on the Motion for Sanctions.

The relevant portions of Rule 11(b) state:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the

>factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery….

Defendants first attack Plaintiffs' Complaint as "nothing more than an abusive use of the Courts to create pre-election sensationalism." Doc. 19, p. 3. As such, Defendants argue the pleading is intended to harass Defendant Suarez in violation of Rule 11(b)(1). However, Defendants provide no evidentiary support for this contention. The Court is not persuaded by Defendants' recitation of the political party affiliations of candidates and counsel. Further, the fact that Plaintiffs support their claims with events in a neighboring county is insufficient to create an inference that Plaintiffs' Complaint was intended to harass Defendant Suarez.

Defendants next contend that Plaintiffs' Complaint violates Rule 11(b)(2) because the claims are time-barred and therefore frivolous. Specifically, Defendants argue that the Complaint lacks sufficient factual allegations of fraudulent concealment, mistake or misrepresentation that would toll the running of the limitations period. Plaintiffs rely on the discovery rule and argue the Complaint allegations are sufficient to create a reasonable inference that the statute of limitations was tolled.

Antitrust actions are subject to the discovery rule. *In re Sulfuric Acid Antitrust Litigation*, 743 F. Supp.2d 827 (N.D.Ill 2010) citing *In re Copper Antitrust Litig.*, 436 F.3d 782, 789 (7th Cir. 2006). The discovery rule "postpones the beginning of the limitations period… to the date when [a plaintiff] discovers he has been injured." *In re Copper Antitrust Litig.*, 436 F.3d 782, 789 (7th Cir. 2006), quoting *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir.1990). At the early pleading stage, the appropriate inquiry is "whether *any* set of facts that if proven would establish a defense to the statute of limitations..."*Clark v. City of Braidwood*, 318 F.3d 764 (7th Cir. 2003) (vacating a dismissal that was based on a lack of reasonable inference

that a limitations period was tolled).  Where a plaintiff relies on the discovery rule, a determination of timeliness is premature at the pleading stage and should rather be raised in a motion for summary judgment. *Id*.

The appropriate inquiry therefore, is whether Plaintiffs' Complaint contains facts sufficient to raise a reasonable inference that the limitations period was tolled.  The Court finds that it does.  The Complaint alleges that Defendants and tax purchaser co-defendants directed "contributions" to the Democrat Party instead of to Suarez, that Suarez seated co-defendants at the front of the auction room to facilitate the conspiracy and that other bids were allowed on less lucrative properties to cover up the conspiracy.  The Complaint further alleges that Defendants' conspiracy was inherently self-concealing, so that Plaintiffs could not have discovered through reasonable diligence that they had been injured until 2014.  In light of these allegations, Defendants' Rule 11(b)(2) argument fails.

Finally, Defendants argue that Plaintiffs' claims have no evidentiary support and therefore, their Complaint violates Rule 11(b)(3).  Specifically, Defendants assert "Plaintiffs simply mimicked the allegations of their Counsel's class-action lawsuits against Madison County, its former Treasurer, and others in Madison County Circuit Court" and that the "tax-sale process under St. Clair County Treasurer Charles Suarez complies with applicable law. Doc. 19, p. 6. Plaintiffs respond that Rule 11 does not require them to show that they have evidence to make out a prima facie case at the early pleading stage.  The Court agrees.  Rule 11 does not change the Rule 8 notice pleading standards and does not require that a plaintiff set forth evidence to prove his or her case in the complaint.

For the foregoing reasons, Plaintiffs' Motion to Strike is **GRANTED** and the Court **DIRECTS** the Clerk of Court to **STRIKE** the filing at Doc. 118; Defendants' Motion for Sanctions is **DENIED.**

**IT IS SO ORDERED.**

**DATE: January 28, 2016**                              s/  *Staci M. Yandle*
                                                        **STACI M. YANDLE**
                                                        **DISTRICT JUDGE**