IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN R. BLOYER, JR., et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>ST. CLAIR COUNTY ILLINOIS, et al.,<br><br>    Defendants. | Case No. 14-cv-1119-SMY-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant John Vassen's Combined Motion to Dismiss (Doc. 68). Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e) and to strike pursuant to Rule 12(f) and Local Rule 7.1(c). Plaintiffs responded (Doc. 95). For the following reasons, the Court **DENIES** Defendant's Motion.

## BACKGROUND

Plaintiffs' Complaint (Doc. 2) alleges that persons who owned property located in St. Clair County and who redeemed that property at county tax auctions paid a "penalty" rate in excess of that which would have been required had they not been forced to participate in a "rigged tax sale." Specifically, Defendant is alleged to have conspired with co-defendants St. Clair Co. and Suarez to diminish competitive bidding in order to ensure that lucrative properties were sold at the statutory maximum penalty percentage of 18% beginning at least as early as November 2006. Plaintiffs further allege that Defendant John Vassen, in conjunction with co-defendants Joseph Vassen and VI, Inc., knowingly participated in the conspiracy as tax purchasers. Plaintiffs claim civil conspiracy against all Defendants (Count I), money had and

received against all Defendants except Suarez (Count II), violations of the Sherman Act against all Defendants (Counts III and IV), violations of the Illinois Antitrust Act against all Defendants (Counts V-VII) and breach of fiduciary duty against Suarez (Count VIII).

Defendant moves to dismiss Plaintiffs' Complaint with prejudice as time-barred. Specifically, Defendant argues that the statute of limitations for claims under the Federal Sherman Act and the Illinois Antitrust Act is four years and the statute of limitations for claims of money had and received and common-law breach of fiduciary duty is five years. While Plaintiffs' Complaint alleges that Defendant's fraudulent concealment tolled the statute of limitations, Defendant contends the Complaint does not plead this allegation with particularity and that, in any event, conspiracy and fraud do not toll the running of the limitations period under the fraudulent concealment doctrine. Alternatively, Defendant moves for a more definite statement as to the allegations regarding fraudulent concealment and also move to strike certain paragraphs as immaterial.

## DISCUSSION

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Plaintiffs are not required to anticipate or allege facts that would defeat affirmative defenses such as a claim being barred by the statute of limitations, and for this reason, "a court typically cannot dismiss a complaint for failure to satisfy a statute of limitations until summary judgment." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2009). However, if a complaint includes all information necessary to make a determination and sets forth the elements that satisfy the affirmative defense so that no additional discovery is required, a court may appropriately dismiss the complaint. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

In this case, Plaintiffs acknowledge the statutes of limitations, but argue that the discovery rule tolled the statute of limitations. In support of their position, Plaintiffs cite *Clark v. City of Braidwood*, 318 F.3d 764 (7th Cir. 2003). In *Clark*, the Seventh Circuit held that the question was "whether *any* set of facts that if proven would establish a defense to the statute of limitations..."and that where a plaintiff relies on the discovery rule, a determination of timeliness is premature at the pleading stage. *Clark*, 318 F.3d at 768 (emphasis in original).

The discovery rule "postpones the beginning of the limitations period… to the date when [a plaintiff] discovers he has been injured." *In re Copper Antitrust Litig.*, 436 F.3d 782, 789 (7th Cir. 2006), quoting *Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir.1990). Therefore, the appropriate inquiry in this case is whether the Complaint pleads sufficient facts that, if proven, would raise a reasonable inference that the limitations period was tolled until

3

2014 when Plaintiffs discovered the injury. Accepting all allegations of the Complaint as true, the Court finds they are sufficient to raise such an inference.

The Complaint alleges that Defendant and tax purchaser Co-Defendants directed "contributions" to the Democrat Party instead of to Suarez, that Suarez seated tax purchaser defendants at the front of the auction room to facilitate the conspiracy and that other bids were allowed on less lucrative properties in order to cover up the conspiracy. The Complaint further alleges that Defendant's conspiracy to rig tax auctions was inherently self-concealing so that Plaintiffs could not have discovered through reasonable diligence that they had been injured until 2014. Accordingly, Defendant's motion to dismiss pursuant to F.R.C.P. 12(b)(6) is **DENIED**. The Court having found that the Complaint pleads sufficient facts to survive 12(b)(6) dismissal, Defendant's alternative motion for a more definite statement is likewise **DENIED**.

Finally, Defendant's move to strike paragraphs 93 through 102 of the Complaint and Exhibits 1 through 4. Defendant argues generally that the allegations presented in these portions of Plaintiffs' pleading are immaterial and "likely rise[] to the level of scandalous as an attempt to confuse and improperly impugn the St. Clair County property tax sales with that of Madison County." Doc. 36, p. 5.

Pursuant to Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, however, and are often viewed as "time wasters." *Heller Financial Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); Charles A. Wright and Arthur R. Miller, 5C Federal Practice and Procedure § 1382 (3d ed.). Moreover, "[t]here appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the

4

subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action." Id. (footnotes omitted).

The Court finds that the challenged paragraphs and exhibits are neither immaterial nor scandalous and that Defendant will not be significantly prejudiced by them. For these reasons, Defendant's motion to strike is **DENIED**.

**IT IS SO ORDERED.**

**DATE: February 22, 2016**                              s/ *Staci M. Yandle*
                                                         **STACI M. YANDLE**
                                                         **DISTRICT JUDGE**